IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **LUIS BELTRAN FLORES** | § | **PLAINTIFF** |
| | § | |
| v. | § | Civil Action No. 1:10cv107-LG-RHW |
| | § | |
| **COASTAL MARINE** | § | |
| **EQUIPMENT, INC.** | § | **DEFENDANT** |

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANT'S MOTION TO DISMISS

**BEFORE THE COURT** is the Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) [17] that was filed by Coastal Marine Equipment, Inc. Coastal argues that Luis Beltran Flores' Complaint is barred by the applicable statutes of limitations. Flores has not filed a response in opposition to the Motion to Dismiss. Upon reviewing the Motion and the applicable law, the Court finds that the Motion to Dismiss should be granted.

### FACTS

Flores filed this lawsuit against Coastal on March 12, 2010. He alleges that he was injured on January 26, 2006, by a defective winch while he was working on board the M/V *Captain Linwood*. (Compl. at 3). He claims that the winch was designed, manufactured, assembled, and sold by Coastal. (*Id.*) He has asserted claims for product liability, negligence, negligence per se, misrepresentation, and gross negligence pursuant to the Jones Act, the Admiralty and General Maritime Laws of the United States, and other applicable state and federal laws. (*Id.* at 2).

Flores originally sued Coastal in a Texas state court, but that lawsuit was

dismissed for lack of personal jurisdiction. (*Id.*) Flores claims that the present lawsuit was filed within thirty days of the dismissal of the state court lawsuit. (*Id.*) He alleges that the statute of limitations should be tolled pursuant to 28 U.S.C. § 1367(d). (*Id.*)

## DISCUSSION

In order to avoid dismissal pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Twombly*, 550 U.S. at 555. The court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205. However, the court "may not rely upon conclusional allegations or legal conclusions disguised as factual allegations." *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004).

The statute of limitations for maritime torts is governed by 46 U.S.C. §30106 (previously 46 U.S.C. §763a), which provides, "Except as otherwise provided by law, a civil action for damages for personal injury or death arising out of a maritime tort must be brought within 3 years after the cause of action arose." The Jones Act, 46 U.S.C. § 30104 (previously 46 U.S.C. § 688) adopts the same statute of limitations applicable to lawsuits filed under the Federal Employees' Liability Act, 45 U.S.C. § 56, which is also three years. Furthermore, to the extent Flores states claims under

Mississippi law, the statute of limitations applicable to products liability, misrepresentation, and negligence claims is three years.  *See* Miss. Code Ann. § 15-1-49(1).

Flores' lawsuit was filed over four years after his injury occurred.  The only argument Flores has advanced in an effort to toll the limitations period concerns 28 U.S.C. § 1367(d).  The relevant subsections of Section 1367 provide:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution . . . .
> . . . .
>
> (d) The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.

28 U.S.C. § 1367(a),(d).  Thus, Section 1367(d) provides that state law claims that are before a federal court pursuant to the court's supplemental jurisdiction are tolled during the pendency of the federal lawsuit and for a period of thirty days after the claims are dismissed.  *See Jinks v. Richland Cnty.*, S.C., 538 U.S. 456, 458-59 (2003).  The Plaintiff has cited no authority, and this Court has been unable to locate any case that applies Section 1367(d) to claims that are originally filed in state court and subsequently dismissed.  The plain language of the statute provides that Section 1367(d) would only operate to toll Section 1367(a) supplemental state law claims that

are originally filed in federal court. Therefore, the Court finds that Section 1367(d) does not toll the limitations periods applicable to Flores' lawsuit. Since the limitations periods applicable to Flores' claims have expired, this lawsuit must be dismissed.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) [17] that was filed by Coastal Marine Equipment, Inc., is **GRANTED**. This lawsuit is hereby **DISMISSED**.

**SO ORDERED AND ADJUDGED** this the 3rd day of February, 2011.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE